UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY LARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| NATIONWIDE CAPITAL SERVICES, | ) |
| LLC d/b/a STRUCTURED | ) |
| SETTLEMENT and GLOBAL TRUST | ) |
| MANAGEMENT, LLC, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, JEFFREY LARR ("Plaintiff"), through his attorney, Agruss Law Firm, LLC, alleges the following against Defendants, NATIONWIDE CAPITAL SERVICES, LLC d/b/a STRUCTURED SETTLEMENT ("Structured Settlement") and GLOBAL TRUST MANAGEMENT, LLC (Global Trust Management") (collectively "Defendants"):

**INTRODUCTION**

1. Counts I and II of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Counts III and IV of Plaintiff's Complaint is based on the Michigan Occupational Code, Mich. Comp. Law § 339.901 et seq. ("MOC").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. §1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

1

without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Manton, Wexford County, Michigan.

7. Plaintiff is a consumer as that term is defined by the FDCPA and MOC.

8. Plaintiff allegedly owes a debt as that term is defined by FDCPA and MOC.

9. Defendants are debt collectors as that term is defined by FDCPA and MOC.

10. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

11. Structured Settlement is a debt collection agency located in Henderson, Nevada.

12. Global Trust Management is a debt collection agency located in Tampa, Florida.

13. Defendants are business entities engaged in the collection of debt within the State of Michigan.

14. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

16. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

17. During the course of their attempts to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means

of telecommunication, such as by telephone and facsimile.

18. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendants are attempting to collect an alleged consumer debt from Plaintiff originating with MobiLoans, LLC.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. Upon information and belief, after Plaintiff's purported default on the alleged debt, the debt was charged off and purchased by Global Trust Management.

22. Global Trust Management contracted with a debt collection agency, Structured Settlement, to attempt to collect the alleged debt from Plaintiff on its behalf.

23. At all times relevant, Structured Settlement was an agent of Global Trust Management.

24. At all times relevant, Global Trust Management was acting through its agent Structured Settlement.

25. Within the past year of Plaintiff filing this Complaint, Structured Settlement began placing collection calls to Plaintiff on Plaintiff's telephone at xxx-xxx-8906, in an attempt to collect the alleged debt.

26. Structured Settlement calls Plaintiff from 231-241-1621, which is one of Structured Settlement's telephone numbers.

27. On or around February 24, 2020, Plaintiff answered Structured Settlement's telephone call and spoke with one of Structured Settlement's collectors.

28. During the conversation, Structured Settlement's collector threatened to submit paperwork

to Plaintiff's place of employment to garnish Plaintiff's wages if he did not make a payment to Structured Settlement.

29. Relying on Structured Settlement's empty threat to garnish Plaintiff's wages, Plaintiff made a payment to Structured Settlement in the amount of fifty dollars ($50.00).

30. To date, Defendants have not taken legal action against Plaintiff.

## COUNT I
## STRUCTURED SETTLEMENT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and re-alleges paragraphs 1-30 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

32. Structured Settlement violated the FDCPA based on the following:

    a. Structured Settlement violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Structured Settlement engaged in engaged in, at least, the following discrete violations of § 1692e;

    b. Structured Settlement violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the garnishment of wages of any person unless such action is lawful and the debt collector intends to take such action, when Structured Settlement's collector threatened to garnish Plaintiff's wages and Structured Settlement could not lawfully take such action;

    c. Structured Settlement violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken, when Structured Settlement threatened to take legal action against Plaintiff when Structured Settlement did not intend to take such action; and

4

  d. Structured Settlement violated § 1692(f)(1) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Structured Settlement engaged in the foregoing conduct.

WHEREFORE, Plaintiff, JEFFREY LARR, respectfully requests judgment be entered against Defendant, NATIONWIDE CAPITAL SERVICES, LLC d/b/a STRUCTURED SETTLEMENT, for the following:

33. Actual damages of $50.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

34. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

35. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

36. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## GLOBAL TRUST MANAGEMENT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff repeats and re-alleges paragraphs 1-30 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

38. Global Trust Management violated the FDCPA based on the following:

  a. Global Trust Management violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Global Trust Management engaged in engaged in, at least, the following discrete violations of § 1692e;

5

    b. Global Trust Management violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the garnishment of wages of any person unless such action is lawful and the debt collector intends to take such action, when Global Trust Management's agent threatened to garnish Plaintiff's wages when no such action could lawfully be taken against Plaintiff;

    c. Global Trust Management violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken, when Global Trust Management's agent threatened to take legal action against Plaintiff when no such action was intended to be taken against Plaintiff; and

    d. Global Trust Management violated § 1692(f)(1) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Global Trust Management engaged in the foregoing conduct.

WHEREFORE, Plaintiff, JEFFREY LARR, respectfully requests judgment be entered against Defendant, GLOBAL TRUST MANAGEMENT, LLC, for the following:

39. Actual damages of $50.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

40. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

41. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

42. Any other relief that this Honorable Court deems appropriate.

## COUNT III

**STRUCTURED SETTLEMENT VIOLATED THE MICHIGAN OCCUPATIONAL CODE**

43. Plaintiff repeats and re-alleges paragraphs 1-30 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

44. The foregoing acts and omissions of Structured Settlement constitute numerous and multiple violations of the MOC including, but not limited to, the following:

    a. Structured Settlement violated §339.915(e) of the MOC by making an inaccurate, mislead, untrue, or deceptive statement or claim, when Structured Settlement's collector threatened to garnish Plaintiff's wages and Structured Settlement could not lawfully take such action;

    b. Structured Settlement violated §339.915(f)(i) of the MOC by misrepresenting the legal status of a legal action being taken or threatened, when Structured Settlement threatened to take legal action against Plaintiff when Structured Settlement did not intend to take such action; and

    c. Structured Settlement violated §339.915(f)(iii) of the MOC by misrepresenting that the nonpayment of a debt will result in the garnishment of the debtor's property, when Structured Settlement's collector threatened to garnish Plaintiff's wages and Structured Settlement could not lawfully take such action.

WHEREFORE, Plaintiff, JEFFREY LARR, respectfully requests judgment be entered against Defendant, NATIONWIDE CAPITAL SERVICES, LLC d/b/a STRUCTURED SETTLEMENT, for the following:

45. Actual damages of $50.00 pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

46. Statutory damages of $150.00 pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

47. Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2); and

48. Any other relief that this Honorable Court deems appropriate.

## COUNT IV
## GLOBAL TRUST MANAGEMENT VIOLATED THE MICHIGAN OCCUPATIONAL CODE

49. Plaintiff repeats and re-alleges paragraphs 1-30 of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

50. The foregoing acts and omissions of Global Trust Management constitute numerous and multiple violations of the MOC including, but not limited to, the following:

    a. Global Trust Management violated §339.915(e) of the MOC by making an inaccurate, mislead, untrue, or deceptive statement or claim, when Global Trust Management's agent threatened to garnish Plaintiff's wages when no such action could lawfully be taken against Plaintiff;

    b. Global Trust Management violated §339.915(f)(i) of the MOC by misrepresenting the legal status of a legal action being taken or threatened, when Global Trust Management's agent threatened to take legal action against Plaintiff when no such action was intended to be taken against Plaintiff; and

    c. Global Trust Management violated §339.915(f)(iii) of the MOC by misrepresenting that the nonpayment of a debt will result in the garnishment of the debtor's property, when Global Trust Management's agent threatened to garnish Plaintiff's wages when no such action could lawfully be taken against Plaintiff.

WHEREFORE, Plaintiff, JEFFREY LARR, respectfully requests judgment be entered against Defendant, GLOBAL TRUST MANAGEMENT, LLC, for the following:

51. Actual damages of $50.00 pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

52. Statutory damages of $150.00 pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

53. Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2); and

54. Any other relief that this Honorable Court deems appropriate.

DATED:  March 17, 2020                    RESPECTFULLY SUBMITTED,


By:/s/ Michael S. Agruss
    Michael S. Agruss
    SBN: 6281600
    Agruss Law Firm, LLC
    4809 N. Ravenswood Ave.
    Suite 419
    Chicago, IL 60602
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiff