**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| JEFFREY LARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-00235-JTN-RSK |
| ) | |
| NATIONWIDE CAPITAL SERVICES, ) | |
| LLC d/b/a STRUCTURED ) | |
| SETTLEMENT and GLOBAL TRUST ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT, NATIONWIDE CAPITAL SERVICES, LLC d/b/a STRUCTURED SETTLEMENT**

NOW COMES the Plaintiff, JEFFREY LARR ("Plaintiff"), through his attorneys, pursuant to Fed. R. Civ. P. 55(b)(2), and moves this Court for entry of an Order of Default Judgment against Defendant, NATIONWIDE CAPITAL SERVICES, LLC d/b/a STRUCTURED SETTLEMENT ("Structured Settlement"), and in support thereof, states as follows:

1. Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

2. On March 17, 2020, a civil action was filed seeking redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 692, *et seq*. and the Michigan Occupational Code, Mich. Comp. Law 339.901, *et seq.* against Defendants, Structured Settlement and Global Trust Management, LLC ("Global Trust Management"). (Doc. No. 1).

1

3. On March 19, 2020, Structured Settlement, was served with the Complaint and Summons in a Civil Action. (Doc. No. 5).

4. Structured Settlement failed to (1) appear and/or (2) serve upon Counsel for Plaintiff an answer or responsive pleading to Plaintiff's Complaint on or before April 9, 2020.

5. On April 13, 2020, Plaintiff filed an Application for Entry of Clerk's Default as to Structured Settlement. (Doc. No. 7).

6. On April 14, 2020, the Clerk of Court entered default against Structured Settlement for failure to appear or otherwise respond to Plaintiff's Complaint. (Doc. No. 8).

   a. Plaintiff's Complaint alleges that: Global Trust Management and Structured Settlement are attempting to collect an alleged consumer debt from Plaintiff originating with MobiLoans, LLC. (Doc. No. 1, ¶ 19); The alleged debt at issue arises from transactions for personal, family, and household purposes. (Doc. No. 1, ¶ 20); Upon information and belief, after Plaintiff's purposed default on the alleged debt, the debt was charged off and purchased by Global Trust Management. (Doc. No. 1, ¶ 21); Global Trust Management contracted with a debt collection agency, Structured Settlement, to attempt to collect the alleged debt from Plaintiff on its behalf. (Doc. No. 1, ¶ 22); At all times relevant, Structured Settlement was an agent of Global Trust Management. (Doc. No. 1, ¶ 23); At all times relevant, Global Trust Management was acting through its agent Structured Settlement. (Doc. No. 1, ¶ 24); Within the past year of Plaintiff filing his Complaint, Structured Settlement began placing collection calls to Plaintiff on Plaintiff's telephone at 231-429-8906, in an attempt to collect the alleged debt. (Doc. No. 1, ¶ 25); Structured Settlement calls Plaintiff from 231-241-1621, which is one of Structured Settlement's telephone numbers. (Doc. No. 1, ¶ 26); On or around February 24, 2020, Plaintiff answered

    Structured Settlement's telephone call and spoke with one of Structured Settlement's collectors. (Doc. No. 1 ¶ 27); During the conversation, Structured Settlement's collector threatened to submit paperwork to Plaintiff's place of employment to garnish Plaintiff's wages if he did not make a payment to Structured Settlement. (Doc. No. 1 ¶ 28); Relying on Structured Settlement's empty threat to garnish Plaintiff's wages, Plaintiff made a payment to Structured Settlement in the amount of fifty dollars ($50.00). (Doc. No. 1 ¶ 29); Defendants have not taken legal action against Plaintiff. (Doc. No. 1 ¶ 30).

7. Structured Settlement's actions constitute violations of 15 U.S.C. §§ 1692e, 1692e(4), 1692e(5), and 1692(f)(1), as well as Mich. Comp. Law §§ 339.915(e), 119.915(f)(i), and 339.915(f)(iii).

8. Pursuant to § 1692e of the FDCPA, a debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. § 1692e(4) prohibits the threat of wage and property garnishment that is not intended to be taken. § 1692e(5) prohibits the threat of an action that is not intended to be taken.

9. Under § 1692(f)(1) of the FDCPA, a debt collector may not attempt to collect any amount unless such amount is expressly authorized by an agreement creating the debt or permitted by law.

10. Pursuant to § 339.915(e) of the MOC, a debt collector may not make false statements when collecting a debt and is required to disclose the purpose for the communication when the communication is made in connection with collecting a debt.

11. Under §339.915(f)(i) of the MOC, a debt collector may not misrepresent the legal status of a legal action being threatened. Further, § 339.915(f)(iii) prohibits a debt collector from threatening imprisonment or property garnishment for nonpayment of a debt.

12. Allegations in Plaintiff's complaint are admitted as a responsive pleading was required and the allegations were not denied. Fed. R. Civ. P. 8(b)(6).

13. Plaintiff is entitled to receive statutory damages not exceeding $1,000.00 for violation of the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692k(a)(2)(A).

14. Plaintiff is entitled to receive actual damages of $50.00 for violation of the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692k(a)(1) and the Michigan Occupational Code, Mich. Comp. Law § 339.916(2).

15. Plaintiff is entitled to receive statutory damages of $150.00 pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2).

16. Plaintiff is entitled to receive the costs of the action, together with a reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. § 1692k(a)(3) and the Mich. Com. Law § 339.916(2) and has filed a Motion for Costs of the Action and Attorney's Fees, attached hereto as Exhibit A, concurrently with his Motion for Default Judgment, seeking $452.00 for costs of the action, together with a reasonable attorney's fee in the amount of $3,558.00

    WHEREFORE, Plaintiff requests the following relief:

    a. An entry of an Order of Default Judgment against Structured Settlement in the amount of $5,210.00, and

    b. Any other relief the Court may deem just and proper.

DATED:  May 22, 2020		Respectfully submitted,
				AGRUSS LAW FIRM, LLC

			By: /s/ Michael S. Agruss
				Michael S. Agruss
				IL Bar No. 6281600
				4809 N. Ravenswood Avenue, Suite 419
				Chicago, IL 60640
				312-224-4695 – office
				312-253-4451 – facsimile
				michael@agrusslawfirm.com
				Attorney for Plaintiff

## PROOF OF SERVICE

I, Michael Agruss, state the following:

I am employed in Chicago, IL. I am over the age of 18, and am not a party to this action. My business address is 4809 N. Ravenswood Ave, Suite 419 Chicago, IL 60640. On May 22, 2020, I served the following documents:

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT, NATIONWIDE CAPITAL SERVICES, LLC d/b/a STRUCTURED SETTLEMENT**

On the parties listed below:

| | |
|---|---|
| Nationwide Capital Services d/b/a Structured Settlement<br>c/o Registered Agent Solutions, Inc.<br>4625 W. Nevso Drive, Suite 2<br>Las Vegas, NV 89103 | Brendan H. Little<br>Global Trust Management, LLC<br>50 Fountain Plaza, Suite 1700<br>Buffalo, New York 14202<br>blittle@lippes.com |

By the following means of service:

[X]   **BY MAIL:** I deposited the envelope in the mail via first class mail. The envelope was mailed with postage fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document was deposited with the U.S. Postal Service on this date with postage fully prepaid, in the ordinary course of business.

[X]   **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail address(es) listed above. I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[X]   **FEDERAL:** I declare under penalty of perjury under the laws of Illinois and the United States of America that the above is true and correct.

Executed on May 22, 2020.

By:   /s/Michael Agruss
       Michael Agruss